**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LUCA STERPETTI,**

           **Plaintiff,**

**-vs-**                                                **Case No. 6:04-cv-1843-Orl-31DAB**

**E-BRANDS ACQUISITION, LLC,**

           **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO COMPEL (Doc. No. 27)**
>
> **FILED:** **January 12, 2006**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

Plaintiff is suing his former employer for copyright infringement and misappropriation of trade secrets arising from a dispute over the pasta making process used at Defendant's restaurants, which Plaintiff alleges is based on the process set forth in his copyrighted manual. Doc. No. 1.

Plaintiff served interrogatories on Defendant on December 5, 2005, requesting in Interrogatory 11 that Defendant "identify all revenue generated by E-Brands from its use of the manual and/or pasta making process. For this question, calculate the revenue generated by the manual and/or pasta making process whether or not you believe the process is owned by [Plaintiff] Sterpetti or E-Brands." Doc. No. 27 at 1. Defendant objected to the Interrogatory on several grounds. First, Defendant contends

that the Interrogatory was untimely because the response was due (with the 3 days included for mailing within Orlando) one business day after the discovery deadline. That objection is overruled.

Second, Defendant objects that Interrogatory 11 is vague and overbroad.[1] Defendant contends that Plaintiff's reference to "the manual" is to *his* manual, bearing copyright registration numbers Txul-146-699 and Txul-184-233 and Defendant did not use Plaintiff's manuals in preparing and selling pasta, but rather used its own "Timpano Italian Chophouse Fresh Pasta Program Manual." Doc. No. 29 at 4. Plaintiff's theory of the case is that Defendant's pasta making manual is an exact copy of Plaintiff's with the exception of the first and second page which contain negligible differences and attribution for a recipe to one of Defendant's chefs instead of Plaintiff. *See* Doc. No. 1 ¶ 13. In Defendant's Response to the Motion to Compel (Doc. No. 29), Defendant's objection is now that it used its own manual and its manual is different because it lists different pasta cuts, drying times, cooking process, storage instructions, and cooking instructions. The differences between Plaintiff's copyrighted manual and the Defendant's manual are at the very heart of this case and Plaintiff is entitled to discovery calculated to lead to admissible evidence concerning damages arising from an allegedly infringing use or copy.

Plaintiff specified in Interrogatory 11 that Defendant was to "calculate the revenue generated by the manual and/*or* pasta making process *whether or not you believe the process is owned by [Plaintiff] Sterpetti or [Defendant] E-Brands*." Defendant, in responding in good faith to the Interrogatories had a duty under the Federal Rules of Civil Procedure to answer them to the extent the request is not objectionable. *See* Fed.R.Civ.P. 33(b)(1) (each interrogatory shall be answered "to the

---

[1]Defendant also objected that Interrogatory 11 was "unduly burdensome"; however, that objection was not argued in Defendant's response to the Motion to Compel (Doc. No. 29) and is waived. *See* Fed. R. Civ. P. 33(a)(4) (any ground not stated in a timely objection is waived unless good cause shown).

extent the interrogatory is not objectionable"). The Rules also require counsel for both parties to "confer in good faith" in an effort to obtain the information or material without invoking the court's limited resources. Fed. R. Civ. P. 37 (a)(2)(B). Defendant's objections of vagueness and overbreadth are overruled. A fair reading of Interrogatory 11 requires Defendant to identify the revenue generated by Defendant's sales of all pasta dishes created using any pasta making process – whether Defendant believes the pasta making *process* was developed by Plaintiff *or* Defendant.

Third, Defendant objected to Interrogatory 11 because "Pasta is used in a variety of items contained in the menus used at [Defendant's] Timpano's Restaurants and all dishes that include pasta also contain other products." Doc. No. 27. As Plaintiff properly contends, Defendant will have the opportunity in presenting its case (at summary judgment or trial) to introduce evidence deducting the cost of other items in the allegedly infringing pasta dishes and to raise any other appropriate defenses to Plaintiff's theory of the case. The objection is overruled.

Pursuant to Federal Rule of Civil Procedure 37(a), it is **ORDERED** that Defendant provide within 11 days of the date of this **ORDER** its Response to Interrogatory 11 as the Court has construed it: Defendant shall identify the revenue generated by Defendant's sales of all pasta dishes created using any pasta making process (whether process was developed by Plaintiff or Defendant).

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record